UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID M. KITT,

    Petitioner,

v.    Case No. 8:21-cv-2415-KKM-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____

**ORDER**

David M. Kitt, a Florida prisoner, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions based on alleged errors of the trial court. (Doc. 1.) Having considered the petition, (*id.*), the response opposing the petition as time-barred, (Doc. 7), and the reply,[1] (Doc. 12), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, Kitt is also not entitled to a certificate of appealability.

**I.    BACKGROUND**

A state-court jury convicted Kitt of first-degree felony murder, attempted armed robbery, and grand theft of a motor vehicle. (Doc. 7-2, Ex. 4.) The state trial court sentenced him to a total term of life imprisonment, and the state appellate court per curiam affirmed the convictions. (*Id.*, Exs. 5, 7.) Kitt subsequently filed a petition alleging ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.141(d). (*Id.*, Ex. 9.) After that petition was denied, Kitt moved for postconviction relief under Florida Rule of Criminal Procedure 3.850.

---

[1] Kitt's reply was filed several months late, and he did not seek leave to make an out-of-time submission. (Doc. 12.) Nevertheless, I have considered the arguments raised in the reply.

1

(*Id.*, Exs. 10, 11.) The state postconviction court rejected Kitt's claims, and the state appellate court per curiam affirmed the denial of relief. (*Id.*, Ex. 1, at 1.)

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

**A. The Petition's Untimeliness Under 28 U.S.C. § 2244(d)**

The state appellate court affirmed Kitt's convictions on February 6, 2004. (Doc. 7-2, Ex. 7.) His convictions became final ninety days later, on May 6, 2004, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—May 7, 2004.

The limitation period ran uninterrupted until it expired one year later, on May 9, 2005.[2] Kitt did not file any tolling applications before that date. Instead, one week after the limitation period ended, Kitt filed a petition alleging ineffective assistance of appellate counsel. (Doc. 7-2, Ex. 9.) Three months after that petition

---

[2] The last day of the limitation period—May 7, 2005—fell on a Saturday. Accordingly, Kitt had until Monday, May 9, 2005, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [to file] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

2

was denied, Kitt moved for postconviction relief under Rule 3.850. (*Id.*, Ex. 1 at 4.) These filings did not affect the AEDPA limitation period because that period cannot be revived. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Thus, Kitt's § 2254 petition—filed on October 11, 2021—is untimely. (Doc. 1 at 15.)

### B. Equitable Tolling

Kitt does not dispute that his petition is untimely. Instead, he contends that he is entitled to equitable tolling based on his "extensive history" of mental illness. (Doc. 12 at 5.) Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr*., 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary

3

circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268. The applicability of equitable tolling is determined on a case-by-case basis. *See Holland*, 560 U.S. at 649–50.

Kitt argues that his "mental illness and diminished capacity" are "adequate grounds to relieve [him] of AEDPA time limitations." (Doc. 12 at 7.) He points to his "extensive history of schizophrenia and bipolar[] [disorder]," claims that he was "Baker Acted" as a child, and alleges that he has experienced "severe mood swings" ever since a January 1993 car accident. (*Id.* at 5.) Kitt also notes that the state trial court ordered a competency evaluation for him. (*Id.* at 4; *see also* Doc. 7-2, Ex. 1, at 8.) Three experts evaluated Kitt's competency. Two determined that he was not competent to stand trial, while the third concluded that he was competent to proceed. (Doc. 7-2, Ex. 13, at 75-79, 92-96; Ex. 14.) The third expert found "clear and substantial evidence" that Kitt was "malingering." (Doc. 7-2, Ex. 14, at 3.) For example, Kitt claimed during the evaluation that "he did not know what a lawyer was," but he had previously told somebody in the "Jail Medical Clinic" that he was "not satisfied with his lawyer." (*Id.* at 2.) The trial court subsequently held a competency hearing and found that Kitt was competent to stand trial. (*Id.*, Ex. 1, at 7.)

Kitt appears to suffer from mental illness, but he has not shown that his condition justifies equitable tolling. "[M]ental impairment is not per se a reason to

4

toll a statute of limitations." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Instead, a petitioner "must establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005); *see also Hunter*, 587 F.3d at 1308 ("[T]he alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition."). Kitt fails to meet this burden. Although he describes his mental health issues, he does not explain how they prevented him from complying with AEDPA's limitation period. *See Spears v. Warden*, 605 F. App'x 900, 905 (11th Cir. 2015) ("[T]he record indicates that [petitioner] has some history of mental-health issues and medication, but [he] has not explained how his mental-health issues or medication . . . affected his ability to file a timely petition.").

Moreover, Kitt timely sought postconviction relief in state court, filing both a Rule 3.850 motion and a petition alleging ineffective assistance of appellate counsel. His ability to timely pursue state remedies undermines any suggestion that he could not do the same in federal court. *See Fox v. McNeil*, 373 F. App'x 32, 34 (11th Cir. 2010) (holding that equitable tolling was not warranted based on mental illness because, among other things, petitioner "was able to file several pro se motions in state court for post-conviction relief"); *Burnett v. Sec'y, Fla. Dep't of Corr.*, No. 3:18-cv-1440-LC-CJK, 2019 WL 920203, at *4 (N.D. Fla. Jan. 23, 2019) ("[Petitioner] fails to explain why he was able to timely pursue the state remedies, but not a federal remedy."), *adopted by* 2019 WL 919592 (N.D. Fla. Feb. 25, 2019).

Kitt also fails to establish that he exercised "reasonable diligence" in pursuing his rights. *Holland*, 560 U.S. at 653. A petitioner with a mental impairment must show "an appropriate degree of diligence for someone in his situation." *Dodd*

5

*v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004). Kitt does not allege that he took any steps to preserve his rights during the one-year limitation period. *See Myers v. Allen*, 420 F. App'x 924, 928 (11th Cir. 2011) (holding that mentally ill petitioner "still bears the burden of showing he did something to at least attempt to inquire into the status of his case"). And his lack of diligence is confirmed "by the fact that [he] waited for [over a decade] after the conclusion of his state postconviction proceedings before deciding to seek relief in federal court." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1072 (11th Cir. 2011); *see also Pace*, 544 U.S. at 419 ("And not only did petitioner sit on his rights for years before he filed his [state postconviction] petition, but he also sat on them for five more months after his [state postconviction] proceedings became final before deciding to seek relief in federal court.").

For all of these reasons, Kitt fails to show that his mental health concerns warrant the application of equitable tolling.[3] Accordingly, the petition is dismissed as time-barred.[4]

## III.   **CERTIFICATE OF APPEALABILITY**

Kitt is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id*. To obtain a COA, Kitt must show that reasonable jurists would debate both (1) the merits of

---

[3] Kitt also claims that his "education did not extend beyond the sixth grade," (Doc. 12 at 6), but "lack of education" is not an "extraordinary circumstance[] that would entitle him to equitable tolling," *Lambert v. Sec'y, Dep't of Corr.*, No. 19-11789-J, 2019 WL 8750134, at *1 (11th Cir. Dec. 5, 2019); *see also Hunter v. Sec'y, Fla. Dep't of Corr.*, No. 5:12-cv-369-VMC-PRL, 2015 WL 248754, at *3 (M.D. Fla. Jan. 20, 2015) ("Petitioner's sixth grade education level does not qualify as an extraordinary circumstance to warrant equitable tolling.").

[4] Kitt does not argue that his untimely petition may be considered on the basis that new evidence demonstrates his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Kitt cannot satisfy the second prong of the *Slack* test. As Kitt is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Kitt's petition for writ of habeas corpus (Doc. 1) is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Kitt and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 12, 2024.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge